UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric K. DOROTICH,
Defendant–Appellant.

No. 88–1441.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1990.

Decided April 3, 1990.

Pamela J. Berman, Honolulu, Hawaii, for defendant-appellant.

R. Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before WALLACE, ALARCON and LEAVY, Circuit Judges.

WALLACE, Circuit Judge:

Dorotich appeals from his conviction for making false claims against the government, 18 U.S.C. § 287, and for mail fraud, 18 U.S.C. § 1341. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

Dorotich, an inmate at the Oahu Community Correctional Facility, filed tax returns in 1982 and 1984. The returns stated that Dorotich was a head of household, with minor children living at home, and that he was self-employed. They further indicated that Dorotich was the operator of a general store and that he claimed deductions for the cost of goods sold, advertising expenses, bad debts, and legal and professional services. On the basis of his operation of the store, Dorotich claimed and received a tax refund.

Dorotich's 1982 return was prepared for him by Williams, a fellow inmate and former accountant. The 1984 return was pre-

pared by another inmate, Spurgeon, who relied in large part upon the 1982 return. Spurgeon testified that he had a community college education and had filled out "literally hundreds" of inmate tax returns, although he did not have any formal training in tax matters. He also testified that Dorotich reads and writes at a fourth to fifth grade level. He stated that Dorotich supplied information to Williams and Spurgeon, and read, signed, and filed the returns, but did not otherwise assist in their preparation.

Dorotich is indisputably not the head of a household. Although he has at least one minor child, the child does not live with him in prison, nor does Dorotich contribute a majority of the child's support. According to a testifying Hawaii state prison official, Dorotich was not authorized to operate a store in the prison. According to the testimony of Williams and Spurgeon, Dorotich claims to have operated an "unauthorized bartering service," but does not contend that the claimed deductions were legitimate.

Spurgeon pled guilty to tax fraud for his part in the preparation of the returns. Williams and Dorotich were charged with violating 18 U.S.C. § 287 (making false claims against the government) and 18 U.S.C. § 1341 (mail fraud). The jury found both men guilty on all counts. Dorotich appeals, asserting that the district judge abused his discretion in excluding expert testimony of Burris, erred in failing to give a jury instruction on the good faith defense to tax fraud, and that there was insufficient evidence of specific intent to defraud to support the jury verdict.

## II

At the close of trial, Dorotich requested that the district judge instruct the jury that if they found that Dorotich relied in good faith upon the advice of Williams and Spurgeon, they should find him not guilty.[1] The judge rejected this instruction, and Dorotich charges that this rejection constitutes reversible error.

"[T]he failure to give an instruction on a 'good faith' defense is not fatal so long as the court clearly instructed the jury as to the necessity of 'specific intent' as an element of a crime." *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir.1987) (*Solomon*), *cert. denied*, 484 U.S. 1046, 108 S.Ct. 782, 98 L.Ed.2d 868 (1988). Solomon's guilt under 26 U.S.C. § 7206(2) (filing false tax returns) turned upon the validity of certain oral patent assignments. Solomon contended that even if the assignments were invalid, he in good faith believed them to be valid and therefore was entitled to a good-faith instruction. We held that "[t]he district court was not required to give a 'good faith belief' instruction with respect to the issue of the validity of oral patent purchase agreements because the jury was instructed to find specific intent as an element of section 7206(2) and the other federal statutes." *Id.; accord United States v. Bonanno*, 852 F.2d 434, 440 (9th Cir.1988) (*Bonanno*), *cert. denied*, —— U.S. ——, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989); *United States v. Alcantar*, 832 F.2d 1175, 1179 (9th Cir.1987); *United States v. Green*, 745 F.2d 1205, 1209 (9th Cir.1984), *cert. denied*, 474 U.S. 925, 106 S.Ct. 259, 88 L.Ed.2d 266 (1985); *United States v. Cusino*, 694 F.2d 185, 188

---

1. The requested jury instruction stated:

   Mr. Dorotich has introduced evidence showing that he did not prepare the tax returns in question and that they were prepared for him by E. Williams and G. Spurgeon, persons who held themselves out as qualified to prepare federal income tax returns for others.

   If the defendant provided the aforesaid Williams and Spurgeon full information with relation to his taxable income and expenses during the year, and that the defendant then adopted, signed, and filed the tax return on Form 1040 as prepared by Williams and Spurgeon without having reason to believe that it was not correct, then you must find the defendant not guilty.

   If on [the] other hand you find beyond a reasonable doubt that the defendant did not provide full and complete information to Williams and Spurgeon, or that he knew that the return as prepared by Williams and Spurgeon was not correct, then you are not required to find the defendant not guilty simply because he did not prepare the return himself but rather had it prepared for him by another.

(9th Cir.1982), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983).

In this case the district judge adequately instructed the jury that one element of the government's case was to prove specific intent beyond a reasonable doubt: that Dorotich filed the returns knowing that they were false.[2] We conclude that *Solomon* dictates the outcome of this issue. Like *Solomon*, Dorotich's theory of defense— that he lacked specific intent because he relied upon the advice of others—was adequately presented to the jury by way of the specific intent instruction. Therefore, we hold that in a tax fraud case, where the trial court "adequately instructs on specific intent," *Bonanno*, 852 F.2d at 440, the failure to give an additional instruction on good faith reliance upon expert advice is not reversible error.

We recognize that a number of circuits have held in tax fraud cases that it is reversible error to refuse to give an instruction on good faith reliance on expert advice where some evidence exists to support such a defense. *United States v. Duncan*, 850 F.2d 1104, 1117–18 (6th Cir. 1988); *United States v. Mitchell*, 495 F.2d 285, 287–88 (4th Cir.1974); *United States v. Platt*, 435 F.2d 789, 792 (2d Cir.1970); *Bursten v. United States*, 395 F.2d 976, 981–82 (5th Cir.1968); *United States v. Phillips*, 217 F.2d 435, 440–41 (7th Cir. 1954). However, *Solomon* precludes us from adopting the reasoning of these decisions.

## III

■ Dorotich alleges that the trial court erred in refusing to admit the expert testimony of Burris, a certified public accountant. The trial court's decisions on the admissibility of expert testimony are reviewed for "an abuse of discretion or 'manifest error.'" *United States v. Binder*, 769 F.2d 595, 601 (9th Cir.1985), *quoting United States v. Marabelles*, 724 F.2d 1374, 1381 (9th Cir.1984).

Burris played no role in the preparation of the returns in question. According to Dorotich, if he had been permitted to testify, Burris would have "giv[en] his expert opinion on the acceptability of the techniques used by [ ] Williams and Spurgeon in their preparation [of the returns] and the accuracy of that preparation." However, such testimony would have been irrelevant. The government did not allege error in the technical preparation of the forms, or suggest that the returns were not filled out in accordance with proper accounting principles. Rather, the charge was that the returns contained misstatements of fact. Burris had no knowledge of the accuracy or inaccuracy of the facts underlying the returns. Dorotich proposed to ask him only whether, assuming the facts shown on the return were correct, it was a valid

---

**2.** The district court instructed the jury on specific intent under 18 U.S.C. § 287 as follows:

A Defendant can be found guilty of the offense of making a false claim against the government only if all of the following facts are proved beyond a reasonable doubt.

First, the Defendant knowingly presented to an agency of the United States a false and fraudulent claim....

A claim is false or fraudulent if it is untrue at the time it was made and is then known to be untrue by the person making it.

With regard to 18 U.S.C. § 1341, the court instructed:

In order for a Defendant to be found guilty of mail fraud the Government must prove four things beyond a reasonable doubt.

First, the Defendant made up or knowingly participated in a plan or scheme to obtain money or property by false promises or statements.

Second, the Defendant knew that the promises or statements were false.

The court also stated in general instructions applying to both counts:

To [constitute] the crimes charged in this indictment, there must be the joint operation of two essential elements[:] [An] act forbidden by law and an intent to do the act.... To act with intent to defraud means to act willfully and with the specific intent to deceive or cheat....

.    .    .    .    .

The word knowingly ... means that the act was done voluntarily and intentionally, and not because of mistake or accident.

The word willfully ... means that the act was committed voluntarily and purposely with the specific intent to do something the law forbids. That is to say, with bad purpose or evil motive either to disobey or disregard the law.

return. The district court did not abuse its discretion in excluding this testimony.

## IV

 Finally, Dorotich contends that the evidence is insufficient to support the verdict. He argues that the government failed to prove specific intent. In reviewing the sufficiency of the evidence, we ask "whether, when viewed in the light most favorable to the government, the evidence adduced at trial was sufficient for a rational jury to find [the defendant] guilty beyond a reasonable doubt." *United States v. Mundi*, 892 F.2d 817, 820–21 (9th Cir. 1989).

In this case, it was uncontroverted that significant misstatements were made on the returns concerning facts within Dorotich's personal knowledge. Although Spurgeon testified about Dorotich's limited ability to read, it was up to the jury whether to accept this testimony and to decide whether Dorotich had sufficient capacity to understand the returns. This being so, the jury could have inferred intent to defraud from misstatements found on the face of the returns. It is uncontested that Dorotich supplied the information about his alleged store to Williams and Spurgeon, and read and signed the forms. The only evidence of Dorotich's lack of intent came from his out-of-court statements and testimony by Williams and Spurgeon, all of which the jury was entitled to disbelieve. Viewed in the light most favorable to the government, there is sufficient evidence that Dorotich knew the information was false to support a jury finding of specific intent.

AFFIRMED.