948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zel RITCHIE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul L. ROBINSON, Defendant-Appellant.
 Nos. 90-30013, 90-30021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ritchie and Robinson appeal their convictions resulting from their involvement in a "debt elimination scheme." A jury convicted them of bank fraud, mail fraud, money laundering and conspiracy. We affirm.
 
 
 3
 * Ritchie contends that venue was improper in the Western District of Washington for his conspiracy charge. Venue lies in the district in which the conspiracy was entered into or in any district in which there was an overt act, "even though some of [the coconspirators] were never physically present there." 2 Charles A. Wright, Federal Practice & Procedure § 303 at 205 (2d ed. 1982); United States v. Meyers, 847 F.2d 1408, 1411 (9th Cir.1988).
 
 
 4
 This test is easily met. Ritchie's coconspirators committed many overt acts in Western Washington, including the printing of bogus bank drafts.
 
 
 5
 Ritchie also contends that venue was improper in Western Washington for the mail fraud, bank fraud and money laundering counts against him. The venue provision for offenses begun in one district and completed in another, such as mail fraud, bank fraud and money laundering, provides that venue lies in any district in which the offense was begun, continued, or completed. 18 U.S.C. § 3237(a). The offenses occurred in the Western Washington and venue there was proper.
 
 II
 
 6
 Robinson and Ritchie assert that there was insufficient evidence to support their convictions. Sufficient evidence exists to support a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (quotation omitted) (emphasis in original). The record shows Robinson and Ritchie's intent to defraud both the banks and the customers with their scheme.
 
 
 7
 Ritchie alone contends that the evidence failed to establish his connection to the conspiracy. Once a conspiracy is established beyond a reasonable doubt, an issue Ritchie does not contest, evidence of the defendant's slight connection to the conspiracy is sufficient to convict. United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). Ritchie met with Robinson in March 1987, at the start of the operation and later worked for him directly. Sufficient evidence proved his connection to the conspiracy.
 
 III
 
 8
 We need not decide the standard of review for a district court's denial of a proposed jury instruction because the court's decision not to submit the defendants' instructions, even reviewed de novo, was correct. Compare United States v. Whitehead, 896 F.2d 432, 434 (9th Cir.), cert. denied, 111 S.Ct. 342 (1990) with United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986).
 
 
 9
 Both appellants argue that they are entitled to new trials because the court failed to give their good faith instruction. Relying on Cheek v. United States, 111 S.Ct. 604 (1991), they contend that because they believed honestly that their debt elimination program was legal, a good faith instruction was necessary. The Cheek Court held that a good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness whether or not the claimed belief or misunderstanding is objectively reasonable. Id. at 611. The defendants may not rely on the holding in Cheek because no evidence exists that either defendant had a good faith belief in their scheme. In any event, the district court instructed on specific intent. See United States v. Dorotich, 900 F.2d 192, 194 (9th Cir.1990) (court held defendant not entitled to a good faith instruction when court instructs on specific intent).
 
 
 10
 Robinson argues that the failure of the court to give two of his proposed instructions constituted reversible error. See Mathews v. United States, 485 U.S. 58, 63 (1988).
 
 
 11
 His first instruction asserted that checks (or drafts) contain no factual assertions, and cannot be characterized as false statements. Courts give such an instruction in cases involving check kiting schemes. See generally Williams v. United States, 458 U.S. 279, 285 (1982). In Williams, the Court held that, as to depository banks, the checks did not constitute assertions that the underlying accounts had sufficient funds to cover the checks. 458 U.S. at 284-85. Based on Williams, Robinson complains that the court's failure to give his instruction is reversible error.
 
 
 12
 The Williams court found that checks do not contain factual assertions because it feared making a broad range of unremarkable conduct a violation of federal law. The Court did not want to impose criminal liability on a depositor to a federally insured bank simply because he knew his check was not sufficiently supported by funds. Id. at 286.
 
 
 13
 No federally insured bank backed Robinson's drafts. Because his drafts were his own inventions, the concern about criminalizing the activity of a person who writes a check for an amount he cannot cover is not present.
 
 
 14
 Robinson contends that the court erred in failing to give his second instruction that required the jury to find the banks were his scheme's intended victims. He argues that the banks were not defrauded because the drafts were used only to pay preexisting debts. See United States v. Blackmon, 839 F.2d 900, 905 (2d Cir.1988). In Blackmon, the court held that because the victim's withdrawal of funds was legal, the banks had not been victimized. Id.
 
 
 15
 In contrast, Robinson and his coconspirators urged their bogus drafts on the banks. The financial institutions suffered from months of delay during which they were deprived of the use of both the credits extended to their customers, and the periodic payments that were due. The financial institutions were the victims.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3