960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel JENNINGS, Defendant-Appellant.
 No. 91-50474.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided April 20, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Joel Jennings was convicted by a jury of eight counts of making false statements, in violation of 18 U.S.C. § 1001, and five counts of making false claims, in violation of 18 U.S.C. § 287.
 
 
 4
 On appeal, Jennings argues that the trial court abused its discretion in excluding expert testimony. He further asserts that the evidence presented was not sufficient to convict him of the alleged crimes. These claims are without merit. We have jurisdiction pursuant to 28 U.S.C. § 1294(1), and we affirm the district court's judgment.
 
 OVERVIEW
 
 5
 Jennings was in charge of production at Bay Decking Co., Inc. ("Bay Decking"). Bay Decking had fixed price contracts with the Navy to repair and renovate the surfaces of Navy vessels. The company was entitled to additional compensation for delays and interruptions. From 1984 to 1985, Jennings was responsible for submitting delay and interruption claims. The government alleges that Jennings defrauded the Navy through the submission of false claims.
 
 DISCUSSION
 I.
 
 6
 Jennings first argues that the trial court abused its discretion in excluding expert testimony. Jennings asserts that the testimony of an expert in government contracts and record keeping practices was necessary to afford him a fair trial.
 
 
 7
 A trial court has broad discretion in allowing expert testimony and "[t]he trial court's decision on the admissibility of expert testimony [is] reviewed for an abuse of discretion or manifest error." United States v. Dorotich, 900 F.2d 192, 194 (9th Cir.1990). A conviction will not be reversed because of the erroneous exclusion of expert testimony unless the exclusion more likely than not materially affected the verdict. U.S. v. Binder, 769 F.2d 595, 601-602 (9th Cir.1985).
 
 
 8
 In order to convict Jennings under 18 U.S.C. § 1001, the government had to prove that Jennings made false statements and that such false statements were material in inducing the government to take a particular action. United States v. Deep, 497 F.2d 1316, 1321 (9th Cir.1974) (en banc).
 
 
 9
 In this case, the exclusion of expert testimony was not manifestly erroneous. The case turned on the credibility of the various witnesses, not the interpretation of undisputed facts. Several witnesses testified that Jennings had asked them to alter timesheets and Jennings denied these allegations. The jury was called upon to make a credibility assessment. Such an assessment is within the exclusive province of the jury and requires no expert instruction on the matter. It was not manifest error to exclude expert testimony.
 
 II
 
 10
 Jennings next argues that the trial court erred in denying his motion for judgment of acquittal. He argues that the evidence was insufficient to sustain a conviction.
 
 
 11
 There is a strong presumption against reversing a jury verdict. "[T]he relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).
 
 
 12
 Jennings argues that the evidence was insufficient to establish his participation in submitting false statements to the Navy. However, two secretaries testified that they were asked by Jennings to alter timesheets. The timesheets seized by the F.B.I. corroborated this testimony. The interruption and delay reports containing inflated claims were signed by Jennings.
 
 
 13
 In light of the evidence presented, a reasonable juror could have come to the conclusion that Jennings was guilty. There is no basis for reversing the jury's decision.
 
 CONCLUSION
 
 14
 Jennings has raised two separate issues on his appeal. Both claims are meritless. We affirm the district court's judgment.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3