963 F.2d 272
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. RUSHTON, Defendant-Appellant.
 No. 91-50476.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 6, 1992.
Decided April 30, 1992.
 
 Thomas H. Senters, San Diego, Cal., for defendant-appellant.
 David P. Curnow, Asst. U.S. Atty., Criminal Div., San Diego, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before: CANBY, REINHARDT and WIGGINS, Circuit Judges.
 CANBY, Circuit Judge.
 
 
 1
 Defendant Ronald Rushton presents three challenges to his convictions for mail fraud and bankruptcy fraud. First, he contends that the district court erred in refusing to give his proposed "good faith" jury instruction. Second, he asserts that the district court erred in refusing to grant a mistrial based on the alleged revelation to the jury, during a fire drill, that he was in custody. Third, he alleges error in the district court's refusal to grant a mistrial based on a question that the government asked of a defense witness on cross-examination. We affirm.
 
 FACTS
 
 2
 Rushton was the owner and sole director of a number of real estate companies whose principal place of business was California. Rushton advertised that he could help people whose real estate was in danger of foreclosure by acquiring the properties and assuming their mortgage payments. He did not assume any of the mortgages, however, and he made mortgage payments in only one or two cases. Instead, he collected the rent on the properties and used the funds for his personal benefit. After a bankruptcy trustee was appointed for one of his California companies, Rushton moved to Nevada and set up a similar operation there.
 
 
 3
 Rushton was indicted for 16 counts of mail fraud and 12 counts of bankruptcy fraud. He was tried before a jury in the District Court for the Southern District of California. One of the defense witnesses was Ron Chamberlain, who had been the manager of one of Rushton's companies. In cross-examining Mr. Chamberlain, the government asked if he knew that Rushton had taken $200,000 to Nevada in a gym bag. During the trial, there was a fire drill, at which time Rushton apparently did not leave the courthouse, thus allegedly revealing to the jury that he was in custody.[1] Before the closing arguments, Rushton requested a "good faith" jury instruction, which the district court refused to give. The district court did instruct the jury that they could convict only if they found that Rushton had the requisite specific intent to defraud. The jury found Rushton guilty on eight counts of mail fraud and seven counts of bankruptcy fraud. He now appeals his convictions.
 
 DISCUSSION
 
 4
 I. The District Court's Refusal to Give the Good Faith Instruction
 
 
 5
 Rushton argues that the district court erred in refusing to give his proposed good faith jury instruction. The problem with this argument is that the district court instructed the jury on specific intent, and "[a] defendant is not entitled to a separate good faith instruction when the court adequately instructs on specific intent." United States v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988), cert. denied, 488 U.S. 1016, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989). Rushton does not suggest that the district court's instruction on specific intent was inadequate, and there appears to be no basis for such an assertion. We find no error.
 
 
 6
 II. The Revelation to the Jury That Rushton Was in Custody
 
 
 7
 Rushton's second challenge is that his right to a fair trial was violated when his in-custody status was revealed to the jury during a fire drill. This argument fails in light of the facts that any notice to the jury of Rushton's custodial status was both brief and inadvertent, and that Rushton failed to make an affirmative showing of prejudice. Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir.1985) ("When the jury's view of a defendant or witness in shackles is brief, as in this case, or inadvertent, the defendant must make an affirmative showing of prejudice.").
 
 
 8
 III. The Government's Question Suggesting that Rushton Took $200,000 to Nevada
 
 
 9
 During its cross-examination of Mr. Chamberlain, the government asked him if he knew that Rushton had taken $200,000 to Nevada in a gym bag.[2] Defense counsel's objection was overruled. Shortly thereafter, defense counsel requested a mistrial and requested the district court to give a curative instruction. The district court, after hearing from the government, found that the government asked the question in good faith and thus denied Rushton's request for a mistrial. The court did agree, however, to instruct the jury to disregard the testimony about the $200,000.
 
 
 10
 Rushton's challenge to the district court's refusal to grant a mistrial relies on United States v. Davenport, 753 F.2d 1460 (9th Cir.1985), which involved the following exchange between the government and a defense witness:
 
 
 11
 "Q. Did you ever tell Mary Mabes that the defendant had told you he wanted you to help him rob the Wells Fargo Bank?
 
 
 12
 A. No."
 
 
 13
 Id. at 1463. As we noted in Davenport, the witness's denial left "uncontroverted the insinuation that the defendant had planned to engage in additional bank robberies." Id. "The danger in such a situation is that the prosecution will use the question to waft an unwarranted innuendo into the jury box, knowing that the witness' denial will only serve to defend her credibility, while leaving uncontradicted the reference to the defendant's prior bad conduct." Id. In light of this danger, we ruled that the government must establish to the satisfaction of the district court a good faith belief that the defendant committed the misconduct at issue. Because the district court had not conducted such a good faith inquiry, we reversed Davenport's conviction. In this context, we stated that, "[i]f mistrial is to be avoided, [the government's] good faith must be established to the satisfaction of the court, outside the presence of the jury, before the question is asked." Id. at 1463-64.
 
 
 14
 In the present case, the government stated its good faith basis outside the presence of the jury, and the district court found that the government presented the question in good faith, but the good faith hearing occurred after the question was asked. The government's failure to comply with Davenport's requirement that the good faith inquiry occur before the asking of the question does not require a reversal, however. The district court's finding that the government had a good faith basis for asking about the $200,000 renders harmless the government's failure to request a good faith inquiry before asking the question. Had the hearing occurred before the question was asked, the court would have allowed the question. Rushton was not prejudiced.[3]
 
 
 15
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Neither Rushton's brief nor the record clarifies how the jury supposedly found out that Rushton was in custody. The only reference in the trial transcripts is Rushton's counsel's statement in his motion for a mistrial that Rushton "was not allowed to leave with everyone else [during the fire drill]. I was standing out there alone on the curb.... So, there can't be any doubt in the jury's mind at this point that he's in custody."
 
 
 [2]
 Q And, in fact, you knew, didn't you, sir, that when [Rushton] went [to Nevada] he took $200,000 in cash and traveler's--
 MR. BABCOCK [Rushton's counsel]: Objection, your Honor.
 THE COURT: Overruled.
 (Pause.)
 MR. BABCOCK: May we approach the bench?
 THE COURT: No.
 THE WITNESS: I didn't know it until a couple of weeks ago, no.
 BY MR. CLARK [Government counsel]:
 Q You didn't know until then about the gym bag full of cash and the traveler's checks for $200,000?
 A No.
 
 
 [3]
 Of course, the government bears a major risk when it fails to establish its good faith basis prior to asking the question. If the court rejects the proffered good faith basis after the question is asked, the damage cannot be undone and a mistrial is likely to result