9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert THOMPSON, Defendant-Appellant.
 No. 92-50427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Nov. 4, 1993.
 
 1
 Before: BRUNETTI, KOZINSKI and BOGGS,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Thompson appeals his conviction and sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). We affirm in part and remand in part.
 
 
 4
 Thompson contends the search of a cooler that was recovered from the car he was driving was unconstitutional. We disagree. The car and contents were properly in the custody of the police. A warrantless search, supported by probable cause, of containers in a car is permissible. See California v. Acevedo, 111 S.Ct. 1982 (1991). There was ample probable cause to support the search. After the police had stopped Thompson's car, they discovered that the car was stolen from a rental car company in Alabama, they found a concealed storage area cut into the vehicle's carpeting under the driver's seat, and a trained narcotics dog aggressively alerted on the cooler. That probable cause did not become stale with the passage of time, as the cooler was in the possession of the police and had not been tampered with. Additional events made the probable cause even stronger: Thompson's brother called seeking return of the cooler, the officer who emptied the cooler noticed that the weight was not balanced when it was empty, and the cooler appeared to have been altered.
 
 
 5
 Next, Thompson claims the evidence was insufficient to support the jury verdict that he had a possessory interest in the cooler or that he knew of its contents. To prevail, Thompson must show that, taking the evidence in the light most favorable to the government, no reasonable juror could have convicted him. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979); United States v. Dorotich, 900 F.2d 192, 195 (9th Cir.1990). Thompson does not make the necessary showing.
 
 
 6
 Thompson insists that his sentence was improperly enhanced under 21 U.S.C. § 851(a), pursuant to which he was given a twenty-year mandatory minimum sentence because of a 1988 state court narcotics conviction. The government admits error because it cannot produce proof that it served on Thompson or his counsel a notice of intent to use the enhancement provision, as required by § 851(a). Any error in the term of incarceration, however, was harmless. The district court found that Thompson's guideline range was 360 months to life, and it sentenced him to 360 months, 120 months more than the sentence about which Thompson is complaining. Thus, because the issue is moot as to incarceration time, we can not review the issue. See United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990).
 
 
 7
 However, the government's admitted error will affect Thompson's term of supervised release. The mandatory supervised release term under 21 U.S.C. § 841(b)(1)(A) is ten years, five years longer than the mandatory minimum in the absence of the enhancement. The district court is instructed to review the sentence, and to impose an appropriate term of supervised release, consistent with fact that the defendant was not given proper notice of the proposed 21 U.S.C. § 841(b)(1)(A) enhancement.
 
 
 8
 Thompson also complains he should not have received a two level increase for possession of a firearm. The district court's factual conclusion that Thompson possessed the gun was not clearly erroneous. See United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990).
 
 
 9
 AFFIRMED in part, REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3