12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yancy HAWKINS, Defendant-Appellant.
 No. 93-50003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yancy Hawkins appeals his conviction following jury trial for making a false claim against the government in violation of 18 U.S.C. Sec. 287. Hawkins claims there was insufficient evidence to support the conviction because the tax return he submitted was not a claim within the meaning of section 287. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88 (9th Cir.) (quoting United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988)), cert. denied, 113 S.Ct. 258 (1992); accord United States v. Dorotich, 900 F.2d 192, 195 (9th Cir.1990).
 
 
 4
 "The filing of a false tax return pursuant to a scheme to obtain an unjustified tax refund is sufficient to establish a violation of presenting a false claim against the United States under 18 U.S.C. Sec. 287." United States v. Miller, 545 F.2d 1204, 1212 n. 10 (9th Cir.1976), cert. denied, 430 U.S. 930 (1977).
 
 
 5
 Hawkins argues that the false tax return he filed was not a claim within the meaning of section 287 because although he indicated a tax overpayment on his tax-year 1988 1040 form, he did not complete the portion of the form requesting that this amount be refunded to him. Line 62 of Hawkins' tax form requested him to "enter amount [of taxes] OVERPAID." On this line, Hawkins wrote $215,750. Line 63 requested Hawkins to enter the "Amount of line 62 to be REFUNDED TO YOU." Hawkins did not enter any amount on this line. Hawkins also did not fill in line 64, which requested him to enter the "Amount of line 62 to be applied to your 1989 estimated tax," or line 64, which requested him to enter the amount of tax he owed.
 
 
 6
 Despite his failure to fill out completely the false tax return, evidence adduced at trial indicated that Hawkins filed the return as part of a scheme to obtain an unjustified tax refund. Hawkins had prepared a false Form W-2 Wage and Tax Statement which he had attached to the tax return as documentary support for the statement that he had overpaid his taxes. When IRS investigators initially questioned Hawkins, he denied he had filled out the instant tax return, but in a later interview he admitted he had. He also told investigators that he knew no withholding had been paid to the IRS when he filled out the form. After his initial encounter with the IRS agents, Hawkins filed an amended Form 1040 for tax year 1988 which indicated that no federal income tax was withheld from his wages in that tax year. Finally, Hawkins admitted to IRS agents that he had previously filed false tax returns to get unjustified refunds. In light of these facts, we hold there was sufficient evidence for the jury to conclude Hawkins intended to make a claim for an unjustified tax refund when he filed his false tax return. See Dorotich, 900 F.2d at 195; Miller, 545 F.2d at 1212 n. 10.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3