**UNITED STATES OF AMERICA,
Plaintiff—Appellee,**

v.

**Koreen MORGAN, Defendant—
Appellant.**

**No. 00–30167.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2001.**

Decided Feb. 12, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Koreen Morgan appeals her conviction and sentence for presenting false claims to the Internal Revenue Service (IRS) in violation of 18 U.S.C. § 287. We have jurisdiction, 18 U.S.C. § 3742(a); 28 U.S.C. § 1291, and affirm.

### I

■ Morgan argues that the district court erroneously instructed that the jury must find an element of the offense which was not supported by the evidence. As she made no objection to the instructions on this basis, our review is for plain error. There was none. The United States Code and the Code of Federal Regulations provide that the IRS and Department of Treasury are an agency and department of the United States. *See* 5 U.S.C. § 101 ("The Executive departments are: ... The Department of the Treasury...."); 26 C.F.R. § 601.101 ("The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue.... The Internal Revenue Service is the agency by which these functions are performed."). It was therefore not improper for the district court to determine that this is so as a matter of law.

### II

■ Morgan contends that the indictment fails to state an offense because her submission of lien drafts to the IRS did not constitute a ripe "claim" within the meaning of 18 U.S.C. § 287. We disagree. She sought both to pay her tax liability and to obtain a refund based on lien drafts that she knew to be false, fictitious or fraudulent; this suffices for a "claim" because the government would suffer a mon-

etary loss if she were successful. *See United States v. Jackson,* 845 F.2d 880, 882 (9th Cir.1988) (holding that a "claim" includes seeking a reduction in liability to the government); *United States v. Miller,* 545 F.2d 1204, 1212 n. 10 (9th Cir.1976) (holding that the filing of a false tax return constitutes a "claim" under 18 U.S.C. § 287).

Morgan also argues that each of the four counts in the indictment charges her with three separate offenses, making the indictment impermissibly duplicative. Because Morgan did not object to the indictment, this argument is waived. *See United States v. Klinger,* 128 F.3d 705, 708 (9th Cir.1997).

### III

■ Morgan contends that the "knowingly" requirement applies to all elements, not just to the element that she knew the claim was false, and that the district court omitted an essential element when its instructions failed to say so. Morgan further argues that this amounted to a constructive amendment to the indictment, because the indictment charged that she knowingly made and presented to the IRS a claim which she knew to be false, fictitious and fraudulent. Beyond this, Morgan submits that the court should have instructed that the jury had to find that she made a claim to a department of the United States, which was false, fictitious or fraudulent, voluntarily and intentionally, as defined by *United States v. Dorotich,* 900 F.2d 192 (9th Cir.1990). She did not, however, request any such instruction. In any event, while *Dorotich approved* an instruction that stated the intent element as "knowingly presented to an agency of the United States a false and fraudulent

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim," it did not *require* an instruction that the defendant "knowingly presented" a claim. *Dorotich,* 900 F.2d at 194 n. 2. Nor is there any such requirement in the statute; § 287 makes it unlawful for an individual to submit a claim to the United States "knowing such claim to be false, fictitious, or fraudulent...." 18 U.S.C. § 287. "Knowing" does not modify the phrase requiring the claim to be made to a federal agency or department, and no other knowledge requirement is prescribed. Accordingly, the court committed no reversible error by instructing as it did or by constructively amending the indictment. Allegations in the indictment that false claims were knowingly made or presented were surplusage that did not need to be proved. *See United States v.. Jenkins,* 785 F.2d 1387, 1392 (9th Cir.1986) (surplusage need not be proved); *United States v. Abascal,* 564 F.2d 821, 832 (9th Cir.1977) (same).

■■■ In addition, Morgan maintains that the district court should have given her requested instruction regarding good faith. However, none was necessary. The district court properly instructed on the mental state required to convict under § 287 (knowledge that a submitted claim is false, fictitious or fraudulent), and properly defined "false," "fictitious" and "fraudulent." *See Dorotich,* 900 F.2d at 193 (holding that no good faith jury instruction is required where "the district judge adequately instructed the jury that one element of the government's case was to prove specific intent beyond a reasonable doubt: that Dorotich filed the returns knowing that they were false"). For the same reason, the court did not err in rejecting Morgan's proposed specific intent instruction; the court correctly covered the mens rea requirement by instructing that the jury must find beyond a reasonable doubt that Morgan filed the claim

knowing that it was false, fictitious or fraudulent.

## IV

■■■ Morgan argues that the district court erred in admitting evidence of two prior convictions for passing insufficient funds checks. We review the district court's evidentiary rulings for an abuse of discretion, *see United States v. Hankey,* 203 F.3d 1160, 1166 (9th Cir.2000), and see none. Morgan's prior convictions for passing insufficient funds checks were material to the knowledge element because they supported the government's charge that she knew that the lien drafts were not backed by sufficient funds and were not any good. The convictions were not too remote in time, or for lack of similarity. *See United States v. Iverson,* 162 F.3d 1015, 1027 (9th Cir.1998) ("[T]his court repeatedly has upheld the admission of evidence of prior acts that are more than seven years old."). The district court acted well within its discretion in balancing probative value against prejudicial effect, and properly gave a limiting instruction.

## V

■■■ Morgan's argument that her sentence should have been based on the government's actual loss (nothing), or that the intended loss was only the amount of overpayment requested (therefore, not including her tax liability), is without merit. Intended loss includes both the amount of overpayment that she sought to have refunded, and the amount of tax liability she sought to reduce (in this case, $6,805,000). The district court determined that the amount of intended loss was over $5,000,000, and did not err in doing so. *See* U.S.S.G. § 2F1.1, cmt. n. 8 (1998) ("[I]f an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than

the actual loss."); *see also United States v. Blitz,* 151 F.3d 1002, 1009 (9th Cir.1998); *Jackson,* 845 F.2d at 882. Further, because Morgan was sentenced to less than the statutory maximum, there was no *Apprendi* error.[1] *United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir. 2000) (holding that any *Apprendi* error is harmless if the defendant is sentenced to less than the statutory maximum); *United States v. Egge,* 223 F.3d 1128, 1132 n .1 (9th Cir.2000).

AFFIRMED.

---

1.  *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

