**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leroy GREEN, Jr., Defendant—
Appellant.**

No. 05–50060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Filed March 3, 2006.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM *

Green appeals his conviction and sentence for conspiracy to defraud the United States, 18 U.S.C. § 286, and nine counts of making false claims against the United States, 18 U.S.C. § 287.

■ Green first contends that the trial court erred by refusing to give his proposed good faith instruction. We have repeatedly held "[t]he failure to give an instruction on a 'good faith' defense is not fatal so long as the court clearly instructed the jury as to the necessity of 'specific intent' as an element of the crime."[1] Here the instructions on specific intent were adequate and, therefore, there was no error. *Arthur Andersen v. United States*[2] is factually distinguishable and the statute of conviction differs materially from the statute in that case.

Green's argument that he was entitled to a jury determination by a beyond a reasonable doubt standard on the amount of loss cannot withstand *United States v. Booker*.[3]

■ Green's argument that, under *Booker*, only a jury should be allowed to make the factual findings underlying a restitution order fails under *United States v. Bussell*.[4] "In contrast to its application of the Sentencing Guidelines, the district court's orders of restitution and costs are unaffected by *Booker*."[5]

This case was remanded to the district court prior to *Ameline*. The district judge entered an order stating that he had considered the sentence pursuant to *Booker* and that he adhered to the original sentence. The judge did not solicit the views of the parties prior to issuing the order. Green is correct that, under *Ameline*, "the views of counsel, at least in writing, should be obtained."[6] But he has failed to demonstrate any prejudice from this error by the district court, because he has not suggested anything he might have argued had he been heard.

**AFFIRMED.**

BERZON, Circuit Judge, dissenting.

I concur in the disposition except for the refusal to remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). I would remand to allow the defendant to present his position concerning why his sentence should be reconsidered in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Ameline* specifically requires that defen-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Dorotich*, 900 F.2d 192, 193 (9th Cir.1990) (quoting *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir.1987), *cert. denied*, 484 U.S. 1046, 108 S.Ct. 782, 98 L.Ed.2d 868 (1988)) (internal citations omitted) (*Dorotich* goes on "we hold that in a tax fraud case, where the trial court 'adequately instructs on specific intent,' the failure to give an additional instruction on good faith reliance upon expert advice is not reversible error." (internal citations omitted)); *See also United States v. Shipsey*, 363 F.3d 962 (9th Cir.2004); *United States v. Sarno*, 73 F.3d 1470 (9th Cir.1995).

2. *Arthur Andersen v. United States*, 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005).

3. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4. *United States v. Bussell*, 414 F.3d 1048, 1060 (9th Cir.2005).

5. *Id.*

6. *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (internal citations omitted).

dants be heard on the question, and Green was not. *See Ameline,* 409 F.3d at 1085 ("[T]he views of counsel, at least in writing, should be obtained." (internal quotation marks omitted)).