**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DIANA JING JING HOJSAK, aka Jing Jing Lu,<br><br>Defendant - Appellant. | No. 09-10185<br><br>D.C. No. 3:07-cr-00325-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted August 12, 2010[**]
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Defendant Diana Hojsak appeals her conviction and sentence for tax evasion and for filing a false tax return, in violation of 26 U.S.C. §§ 7201, 7206(1). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Reviewing de novo the district court's construction of the hearsay rules, United States v. Marguet-Pillado, 560 F.3d 1078, 1081 (9th Cir.), cert. denied, 130 S. Ct. 435 (2009), we hold that the documents that purported to be invoices by Michael Yell were not hearsay. The district court refused to admit the invoices into evidence on the ground that the statements contained therein were hearsay. The district court erred because the prosecution did not proffer the statements for the truth of the matter asserted. Rather, the prosecution proffered the statements to suggest, through a comparison with other admissible evidence, that the statements in the invoices were false and that Defendant attempted to palm them off as legitimate invoices paid with tax deductible dollars. Anderson v. United States, 417 U.S. 211, 219-20 (1974); United States v. Candoli, 870 F.2d 496, 507-08 (9th Cir. 1989). Because the invoices were improperly excluded from evidence as hearsay, the district court did not err in permitting the prosecution to cross-examine Defendant about the statements in them. [1]

Reviewing for plain error the district court's admission of the un-confronted statements in the invoices, United States v. Jawara, 474 F.3d 565, 583 (9th Cir.

---

[1] Given our conclusion that the invoices were not proffered to prove the matters asserted therein and that the invoices and the statements made therein were not received in evidence, we need not address Defendant's contention that there was an inadequate foundation to admit the invoices into evidence under an exception to the hearsay rule.

2007), we hold that the district court did not plainly err.  The Confrontation Clause did not prohibit introducing the invoices here because the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  Crawford v. Washington, 541 U.S. 36, 60 n.9 (2004); accord United States v. Mitchell, 502 F.3d 931, 966 (9th Cir. 2007) .

Reviewing for abuse of discretion the district court's denial of Defendant's motion for mistrial on the ground of prosecutorial misconduct, United States v. Cardenas-Mendoza, 579 F.3d 1024, 1029 (9th Cir. 2009), we hold that the district court did not abuse its discretion.  Because the invoices were not hearsay, the prosecution's use of them in cross-examination did not constitute misconduct.  The prosecution failed to establish, outside the presence of the jury, its good-faith basis for asking Defendant whether she fabricated the invoices before asking that question of Defendant in the jury's presence.  United States v. Rushton, 963 F.2d 272, 274-75 (9th Cir. 1992).  But the failure to establish the prosecution's basis in advance did not prejudice Defendant, because the district court later found the good-faith basis.  Id. at 275.  That finding was not plainly erroneous; the invoices asserted an implausible number of hours worked and information in the invoices suggested that they had been created after the fact and by a non-native English

3

speaker.[2]  And the prosecution received the invoices from Defendant's counsel. The district court did not abuse its discretion by denying Defendant's motion for mistrial when the prosecution's question did not prejudice Defendant.  United States v. Allen, 341 F.3d 870, 891-92 (9th Cir. 2003).

Reviewing de novo the district court's refusal to give Defendant's requested jury instructions, United States v. Pierre, 254 F.3d 872, 875 (9th Cir. 2001), we hold that the instructions given adequately covered Defendant's theory of defense. A district court does not err by refusing to give a good-faith instruction in a criminal tax case if it properly instructs the jury on specific intent, as the district court did here.  United States v. Dorotich, 900 F.2d 192, 194 (9th Cir. 1990); United States v. Solomon, 825 F.2d 1292, 1297 (9th Cir. 1987).  Dorotich and Solomon remain binding precedent in our circuit after Cheek v. United States, 498 U.S. 192, 201-02 (1991), because they are not "clearly irreconcilable" with it. Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).  Indeed, Cheek, 498 U.S. at 202, confirms the premise of those cases, which was that good faith is incompatible with wilfully evading taxes or with filing tax returns knowing that they are false.

_____

[2]  Yell, the ostensible author of the invoices, is a native English speaker. Defendant is not.

4

Reviewing for abuse of discretion the district court's decision to give an Allen charge, United States v. Berger, 473 F.3d 1080, 1089 (9th Cir. 2007), we hold that the jury's note stating that it was deadlocked clearly warranted the charge, United States v. Steele, 298 F.3d 906, 911 (9th Cir. 2002). Reviewing de novo whether the district court coerced the jury's verdict, Berger, 473 F.3d at 1089, we hold that it did not. The form of the charge here was not coercive; it was substantially identical to the model instruction. Ninth Circuit Model Criminal Jury Instructions § 7.7 (2003). The jury deliberated for a sufficient length of time after the Allen charge to reach a reasoned decision. See, e.g., Warfield v. Alaniz, 569 F.3d 1015, 1029 (9th Cir. 2009); United States v. Freeman, 498 F.3d 893, 908 (9th Cir. 2007); Berger, 473 F.3d at 1092-93. The timing of the verdict is also not an indicator of coercion, because the verdict appears to have been triggered by the court's providing the jury with requested clarification on an issue. See United States v. Banks, 514 F.3d 959, 975 (9th Cir. 2008) (noting that a jury "appears to have requested portions of the evidence to be shown to them again" during the time between the Allen charge and the verdict). This is not a case in which "it's clear from the record that the charge had an impermissibly coercive effect on the jury." United States v. Williams, 547 F.3d 1187, 1205 (9th Cir. 2008) (internal quotation marks omitted).

Reviewing for clear error the district court's factual findings at sentencing, United States v. Dewey, 599 F.3d 1010, 1014 (9th Cir. 2010), we hold that the district court's calculation of tax loss was not clearly erroneous. Under United States v. Yip, 592 F.3d 1035, 1041 (9th Cir. 2010), and United States v. Valentino, 19 F.3d 463, 464 (9th Cir. 1994), the district court was not required to reduce calculated tax loss by any offsetting deductions that Defendant or her business might have claimed had they reported the income.

Because there were no prejudicial errors in this case, there were no "aggregated errors [that] so infected the trial with unfairness as to make the resulting conviction a denial of due process." Jackson v. Brown, 513 F.3d 1057, 1085 (9th Cir. 2008) (internal quotation marks omitted).

AFFIRMED.