NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10174 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00006-MMD-VPC-1 |
| v. | |
| DEL HARDY, Esquire, AKA Delmar L. Hardy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted March 13, 2019
San Francisco, California

Before:  M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

Delmar Hardy was convicted under 26 U.S.C. § 7206(1) of three counts of

willfully filing false tax returns.  We have jurisdiction of this appeal under 28 U.S.C.

§ 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. "Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud and evasion." *United States v. Bishop*, 291 F.3d 1100, 1106 (9th Cir. 2002). We have made clear, however, that if "the trial court adequately instructs on specific intent, the failure to give an additional instruction on good faith reliance upon expert advice is not reversible error." *United States v. Dorotich*, 900 F.2d 192, 194 (9th Cir. 1990) (internal quotation marks and citation omitted). The district court adequately instructed the jury on specific intent, telling it that the government was required to prove both specific intent and that Hardy did not have a good faith belief that he was complying with the law. The district court therefore did not abuse its discretion by declining to give Hardy's requested instruction about reliance on the advice of an accountant.

2. The district court did not abuse its discretion in giving a deliberate ignorance instruction. *See United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (en banc). The instruction was appropriate in light of evidence that Hardy instructed his office manager to account for cash receipts in a different manner than other payments and did not direct her to send cash receipt records to his accountant. Moreover, although Hardy claimed not to pay attention to his tax returns, his accountant testified that he closely monitored his return's description of a closely held corporation.

3. The court did not abuse its discretion in admitting evidence of Hardy's expenditures and claimed income during the tax years at issue as evidence of his awareness of underreporting of income. *See United States v. Marabelles*, 724 F.2d 1374, 1379 (9th Cir. 1984) ("Although direct proof of a taxpayer's intent to evade taxes is rarely available, willfulness may be inferred by the trier of fact from all the facts and circumstances of the attempted understatement of tax.").

4. The district court also did not abuse its discretion in excluding expert evidence that accurate tax returns would still have resulted in relatively low liability for Hardy. An absence of tax liability is not a defense to false reporting. *See United States v. Marashi*, 913 F.2d 724, 736 (9th Cir. 1990) ("A violation of 26 U.S.C. § 7206(1) is complete when a taxpayer files a return which he does not believe to be true and correct as to every material matter.") (internal quotation marks omitted).

5. The district court did not abuse its discretion in denying a new trial after its post-verdict dismissal, at the government's request, of Hardy's conviction for one count of corruptly endeavoring to obstruct the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The court appropriately rejected Hardy's argument that "spillover" evidence from the dismissed count tainted the convictions on the false tax return counts. *See United States v. Lazarenko*, 564 F.3d 1026, 1043–44 (9th Cir. 2009) (listing relevant factors). The court's instructions— a "critical factor," *id.* at 1043—delineated the different elements of each charged

3

offense. And, the jury, although returning guilty verdicts on four of the counts in the indictment, acquitted on the remaining count. "The fact that the jury rendered selective verdicts is highly indicative of its ability to compartmentalize the evidence." *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992).

**AFFIRMED**.