Lawrence WOODARD, Jr., Petitioner, Appellant,

v.

Everett I. PERRIN, Warden,

New Hampshire State Prison, Respondent, Appellee.

No. 82–1493.

United States Court of Appeals, First Circuit.

Argued Oct. 8, 1982.

Decided Nov. 15, 1982.

James E. Duggan, Concord, N.H., Court appointed counsel, for petitioner, appellant.

Richard C. Nelson, Asst. Atty. Gen., Concord, N.H., Crim. Justice Division, with whom Gregory H. Smith, Atty. Gen., Concord, N.H., was on brief, for respondent, appellee.

Before COFFIN, Chief Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

* Of the Second Circuit, sitting by designation.

COFFIN, Chief Judge.

This case involves a criminal defendant who was tried before a jury for first degree assault wearing leg irons and handcuffs secured to a chain around his waist. The issues before us are whether the trial judge abused his discretion in determining that the safety of persons in the courtroom and the fairness and integrity of the trial required that the defendant be shackled and whether the defendant, by being so shackled, was denied a fair trial before an impartial jury.

The defendant was tried and convicted in a New Hampshire state court and sentenced to ten to thirty years in prison. The New Hampshire Supreme Court affirmed the conviction. The United States District Court for the District of New Hampshire denied federal habeas corpus relief, but found that the defendant's challenge to his shackling presented "a constitutional issue of substance." The court granted a certificate of probable cause for this appeal pursuant to 28 U.S.C. § 2253. We conclude that, although shackling is a severe remedy which, because of the prejudicial effect it may have on the jury, should be used only in extreme cases, the trial judge did not abuse his discretion in ordering that the defendant in this case be shackled. We also conclude that the shackling did not deny the defendant a fair trial.

The two issues in this case are closely related. The defendant does not suggest that shackling may never be constitutionally permissible. He apparently acknowledges that "in appropriate circumstances, the accused's right to the indicia of innocence before the jury must bow to the competing rights of participants in the courtroom and society at large", *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir.1982) (*quoting United States v. Samuel*, 431 F.2d 610, 615 (4th Cir.1970)),[1] and that the trial judge has discretion to determine whether and to what extent security measures are necessary in a given case. *Harrell, supra*, 672 F.2d at 636; *Samuel, supra*, 431 F.2d at 615. Defendant argues, however, that the judge in this case erred by failing to consider or employ less restrictive measures than shackling, particularly in light of the fact that the prosecutor, who had initially requested shackles, later suggested that the shackles be removed and that the defendant be warned that the shackles would be put back on if he engaged in disruptive behavior.

We agree with the defendant that a judge should consider less restrictive measures before deciding that a defendant should be shackled. We do not agree that the trial judge failed to do so, although he did not make express findings as to the unacceptability of less restrictive measures. The judge heard extensive pretrial testimony regarding the likelihood that defendant would not restrain himself in the courtroom. He based his decision on the testimony of a number of persons who had recently observed the defendant, including a forensic psychiatrist who had examined the defendant while he was in custody awaiting trial. He summarized their testimony as follows:

> "[The defendant] was here in the holding cell earlier on this week and, as I understand it, on that occasion he for some reason poured eight glasses of water on the floor and urinated on the floor. There is testimony from which it can be determined that he tried to put a ciga-

1. In this regard, we note that were we to take literally the language to which defendant points in *Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1969), that "no person should be tried while shackled and gagged except as a last resort", and assuming that the same rule should apply when a defendant is only shackled, we would be forced to conclude that no defendant could be tried while shackled, because he could always be removed from the courtroom instead. The Supreme Court went on, however, to conclude that "in some situations ... binding and gagging might possibly be the fairest and most reasonable way to handle a defendant ...." *Id.* Surely the same reasoning applies to shackling alone.

rette in somebody's face at the State Hospital this morning because some authority figure suggested that he didn't want to transport him. while he was smoking. He apparently either kicked out at some officials or threatened to. His language as he testified here in Court today when he took the stand earlier indicated a contempt for any kind of authority. And threats to kick policemen. And our own psychiatrist says that he is impulsive and should be restrained."

On the basis of that testimony, the judge determined that "to ensure the safety of persons in the courtroom, the fairness of the trial, the integrity of the trial, and to obviate any risk of mistrial, the interests of the defendant and the persons in the Court will best be served by his remaining restrained [in handcuffs and leg irons]".

Appellant makes much of the fact that the prosecutor, who had initially recommended shackling, later in the pretrial proceeding recommended that the shackles be removed and the defendant warned that they would be put back on if he did not control himself. An examination of the pretrial proceedings, however, does not indicate that the prosecutor had become convinced of the likelihood that the defendant would restrain himself. The concern he expressed was simply that no unnecessary avenue for appeal be left open.[2] The trial judge was under no obligation to accept the prosecutor's recommendation or to wait until after the defendant had caused a problem to impose restraints. His was the responsibility to ensure the safety of persons in the courtroom and to adopt the means most likely to ensure the defendant a fair trial. Although the judge did not elaborate on his reluctance to await an outburst before imposing restraints, we note in passing that the prejudice resulting to the defendant from such an outburst could be far greater than that resulting from the sight of the defendant in shackles.[3]

The trial judge exercised care in making his decision. Subsequent to that decision, he polled the jurors to determine whether any of them would be prejudiced by the fact that the defendant was under restraints. Under the circumstances of this case, we cannot conclude that the judge abused his discretion by ordering that the defendant be tried in shackles or that the order denied the defendant a fair trial before an impartial jury.

*The judgment of the district court is affirmed.*

2. The dialogue between the judge and the prosecutor on this point is instructive:

The Court: "Well, this is what you wanted, this morning you wanted him in cuffs and apparently today, or now after lunch, you do not ... what's changed the situation?"

[The Prosecutor]: "I like to avoid any possible issue for appeal in all of the cases that I do, and I have thought about it and it would be highly prejudicial to the jury to see him in these leg irons, these chains. And that's why I am tending to change my point of view now, that perhaps a stern warning from the Court prior to the jury being brought in, with an opportunity to see how he behaves as we begin the proceedings and then if he acts up once, then the shackles go back on, and then he will have had his chance . . . ."

. . . .

The Court: "And I gather that what you're concerned with is whether or not there is sufficient record in the case right now to warrant my continuing him in restraints, is that it?"

[The Prosecutor]: "That would be my concern, yes, Your Honor."

The Court: "And what you are suggesting is that we remove the restraints and then have him restrained after he has caused a problem."

[The Prosecutor]: "That was my suggestion . . . . I realize the evidence, but I just like to feel as though we gave him every last opportunity to behave in here without these restraints."

3. We also note that due to the physical layout of the courtroom, there was apparently no way to conceal from the jury, when the defendant was on the witness stand, the fact that he was shackled. *See Harrell, supra,* 672 F.2d at 636–37.