Anthony D. WILSON,
Petitioner-Appellant,

v.

Daniel J. McCARTHY,
Defendant-Appellee.

No. 84–2813.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1985.

Decided Sept. 12, 1985.

Richard L. Phillips, Sacramento, Cal., Tom Lundy, Santa Rosa, Cal., for petitioner-appellant.

J. Robert Jibson, Sacramento, Cal., for defendant-appellee.

Before SKOPIL, REINHARDT, and HALL, Circuit Judges.

SKOPIL, Circuit Judge:

This is an appeal from the denial of a petition for habeas corpus. Petitioner Anthony Wilson alleges that he was denied his sixth and fourteenth amendment rights to present evidence and to a fair trial because of the unnecessary shackling of his key defense witness. We affirm.

## FACTS AND PROCEEDINGS BELOW

Wilson, an inmate at Deuel Vocational Institution ("DVI"), was charged with assault with a deadly weapon and possession of a sharp instrument while confined in a state prison. At trial, Lafayette Cade, also an inmate at DVI, testified that on August 27, 1981 he was assaulted by two other inmates. Cade testified that the assault was a "hit" by Wilson and another inmate, Black, who were both members of a prison gang known as the Black Guerrilla Family ("BGF"). Cade claimed that he had for-merly been a BGF member but had fallen out of favor with the gang. Co-defendants Wilson and Black denied membership in the BGF and denied attacking Cade. Prison authorities searched the defendants within 25 minutes of the incident, but found no evidence that either Wilson or Black was involved. Cade's testimony was the only direct evidence of Wilson's involvement in the incident.

Wilson's defense consisted of his own testimony and that of a fellow inmate, Ernest Powell. Outside the presence of the jury, the court was advised that Powell was in shackles. The trial judge conducted a hearing on the need for Powell to remain shackled. Lt. Edward P. Strader, Jr., Institutional Investigator at DVI, testified that Powell was a BGF member and "hit man," and that he was involved in transporting weapons within the prison. On cross-examination, Strader admitted he knew of no instances where Powell had become disruptive in the courtroom. However, based on his knowledge of Powell, Strader opined that Powell would present a threat to the security of the court if he were allowed to testify without restraints. The court also received evidence that Powell had been convicted of murder, robbery, and burglary. On the basis of Powell's record and conduct, Lt. Strader's opinion, and "in light of the circumstances that this case surrounds the BGF and the implications of that aspect of it," the court ruled, over defense counsel's objections, that Powell should remain in shackles while testifying.

Powell testified that Wilson was with him in another part of the prison when Cade was assaulted. Apart from Wilson's own testimony, Powell's testimony was the only evidence corroborating Wilson's claim that he was not involved in the assault of Cade.

Powell was seated on the witness stand before the jury reentered the courtroom. However, the jury remained in the courtroom when Powell left the witness stand after testifying. Although no direct references to Powell's restraints were made in

the jury's presence, during the prosecutor's cross-examination of Powell the following colloquy occurred:

> MR. McCRACKEN: Q. Will you please approach the chart up there? I don't know if you understand it or not. I ask you to approach the chart—
>
> POWELL: A. I can't approach the chart. I'm not allowed to stand.
>
> THE COURT: I don't think it's going to be a practical thing, Mr. McCracken.
>
> MR. McCRACKIN: Q. Okay. . . .

The record does not indicate whether the jury observed Powell in shackles. Nor does the record reflect any request by defense counsel for a jury instruction that the shackles be disregarded. No instruction was given.

Wilson was found guilty of both charges and unsuccessfully appealed through the state courts. He then applied for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). The district court denied the writ but issued a certificate of probable cause, 28 U.S.C. § 2253 (1982). Powell appeals.

### LEGAL ANALYSIS

The issue presented in this case is one of first impression in this circuit. Although on several occasions we have decided cases involving shackled defendants, *e.g., Corley v. Cardwell*, 544 F.2d 349 (9th Cir.1976), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 757, 50 L.Ed.2d 763 (1977); *Loux v. United States*, 389 F.2d 911 (9th Cir.), *cert. denied*, 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968), this is the first time we have decided a case involving a shackled defense witness. No federal court has held that shackling a defense witness violates the constitution.[1]

The sixth and fourteenth amendments to the United States Constitution assure a defendant in a criminal case the right to be present in the courtroom and to a fair trial.

*See Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976); *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). To protect this right, courts have recognized that, generally, a defendant has the right to appear before the jury free of shackles or other restraints. *See e.g., Harrell*, 672 F.2d at 635; *Kennedy v. Cardwell*, 487 F.2d 101, 104–08 (6th Cir.1973), *cert. denied, Kennedy v. Gray*, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974); *United States v. Samuel*, 431 F.2d 610, 614–15 (4th Cir.), *appeal after remand*, 433 F.2d 663 (4th Cir.1970), *cert. denied*, 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971).

Although shackling a defense witness does not directly affect the presumption of innocence, *see Kennedy*, 487 F.2d at 105 n. 5; *Harrell*, 672 F.2d at 635, the right to appear before the jury free of shackles has been extended to defense witnesses as well as defendants. *See Harrell*, 672 F.2d at 635; *Roustio*, 455 F.2d at 371; *see also Kennedy*, 487 F.2d at 105 n. 5. Although shackling a witness may be less prejudicial than shackling a defendant, federal courts use the same standard of review in both defendant shackling and witness shackling cases. *See Harrell*, 672 F.2d at 636 (court used same standard of review in evaluating the propriety of shackling a defendant and a witness).

█ The defendant's right to appear before the jury free of shackles, and to have his witnesses so appear, is not absolute. *Harrell*, 672 F.2d at 635. The trial court has discretion to use shackles or other security measures when circumstances dictate. *Allen*, 397 U.S. at 343–44, 90 S.Ct. at 1060–61; *Loux*, 389 F.2d at 919. The trial court must balance the prejudicial effect of shackling with considerations of courtroom decorum and security. *Allen*, 397 U.S. at 343–44, 90 S.Ct. at 1060–61; *Loux*, 389 F.2d at 919. Shackling may be

---

1. The Seventh Circuit is the only circuit that has addressed the propriety of shackling a defense witness. On two occasions, the court found that the shackling was justified. *United States v. Garcia*, 625 F.2d 162 (7th Cir.), *cert. denied*, 449 U.S. 923, 101 S.Ct. 325, 66 L.Ed.2d 152 (1980); *United States v. Roustio*, 455 F.2d 366 (7th Cir.

1972). On two other occasions, the court found the shackling improper, but it held that there was no prejudice and, therefore, no constitutional violation. *Harrell v. Israel*, 672 F.2d 632 (7th Cir.1982); *United States v. Esquer*, 459 F.2d 431 (7th Cir.1972), *cert. denied*, 414 U.S. 1006, 94 S.Ct. 366, 38 L.Ed.2d 243 (1973).

justified "as a last resort," *Allen,* 397 U.S. at 344, 90 S.Ct. at 1061, in cases of "extreme need," *Harrell,* 672 F.2d at 635–36, or in cases "urgently demanding that action." *Tyars v. Finner,* 709 F.2d 1274, 1284 (9th Cir.1983) (restraining the subject of an involuntary commitment proceeding did not comport with due process). Thus, shackling is proper where there is a serious threat of escape or danger to those in and around the courtroom, *see, Loux,* 389 F.2d at 919, or where disruption in the courtroom is likely in the absence of shackles. *See Allen,* 397 U.S. at 343, 90 S.Ct. at 1060.

We review a trial court's decision to use shackles under an abuse of discretion standard. *See Woodard v. Perrin,* 692 F.2d 220, 221 (1st Cir.1982); *Harrell,* 672 F.2d at 636; *Loux,* 389 F.2d at 919.

### THE SHACKLING OF POWELL

■■■■ In the present case, we cannot conclude that the trial court abused its discretion in shackling Powell. The judge held a hearing and stated for the record his reasons for requiring Powell to remain shackled. Powell was a prisoner in a high security institution[2] who had previously been convicted of murder, robbery, and burglary. Although prisoner status, standing alone, may not warrant shackling, *Esquer,* 459 F.2d at 433, it may justify the trial judge's concern for security. *See Harrell,* 672 F.2d at 637. The seriousness of Powell's prior convictions and the fact that the case involved a prison gang also suggest that the trial judge's concern for security was warranted.

In addition, Lt. Strader's testimony indicated that Powell was a BGF gang member who was involved in moving weapons within the prison. Powell's prison activities suggest that the presence of authorities did not necessarily deter him from engaging in illegal activities. We also reject petition-

er's contention that the trial court's decision to shackle must be based on the conduct of the individual at trial or in previous court proceedings. *See Harrell,* 672 F.2d at 635; *Loux,* 389 F.2d at 920.

Finally, the trial judge took steps to reduce the possibility of Wilson being prejudiced. He had Powell seated on the witness stand before the jury reentered the courtroom and he did not allow Powell to stand up when the prosecutor sought to have him do so. *See Harrell,* 672 F.2d at 636 (trial judge "made every effort" to prevent jury from becoming aware of restraints); *Garcia,* 625 F.2d at 167–68 (judge had all inmate-witnesses shackled to make shackling appear to be normal procedure).

■■■■ However, it appears that the steps taken by the trial judge were insufficient and that there is a strong possibility that the jury saw that Powell was shackled when he left the witness stand at the conclusion of his testimony. Accordingly, we are somewhat troubled by the trial court's failure to instruct the jury regarding the shackles. Although no instruction was requested, the better course may have been for the trial court *sua sponte* to give an instruction concerning the shackles. *See People v. Duran,* 16 Cal.3d 282, 291–92, 127 Cal.Rptr. 618, 623–24, 545 P.2d 1322, 1328 (1976).[3] Nevertheless, we decline to impose upon the trial court the mandatory responsibility of giving such an instruction when the defendant fails to request one. The choice whether such an instruction should be given should ordinarily lie with the defendant. Rather, trial courts should retain flexibility in determining whether a jury instruction is appropriate in a given case.

■■■■ When the jury's view of a defendant or witness in shackles is brief, as in this

---

**2.** Deuel Vocational Institution is classified as a Level III institution by the California Department of Corrections. Custody levels range from Level I (lowest) to Level IV (highest). *See* California Department of Corrections Classification Manual § 103(a).

**3.** The trial court's failure to instruct the jury *sua sponte* may have been an error of state law.

*Duran,* 16 Cal.3d at 291–92, 127 Cal.Rptr. at 624, 545 P.2d at 1328. The California Court of Appeals, however, held that if there was error, it was harmless. *People v. Black,* No. 3 Crim. 12132 (Cal.Ct.App. July 29, 1983). We resolve only the issue whether a *sua sponte* instruction is required as a matter of federal constitutional law.

case, or inadvertent, the defendant must make an affirmative showing of prejudice. In *Harrell,* the court noted that the trial judge took precautions to prevent the jury from seeing the shackles, and that if the jury saw them the exposure was brief. Thus, the court held that the defendant was not prejudiced. *Id.* at 637 (*citing United States v. Figueroa-Espinoza,* 454 F.2d 590, 591 (9th Cir.1972) (brief exposure to jury of shackled defendant did not justify reversal of conviction). Wilson has made no showing of prejudice.

We also note some concern over the apparent failure of the trial court to consider less drastic alternatives to shackling. Consideration of less drastic alternatives should be part of the trial judge's balancing of the defendant's rights and the needs for security. Ultimately, however, it is incumbent upon the defendant to show that less drastic alternatives were available and that the trial judge abused his discretion by not implementing them. Wilson has failed to make such a showing.

**AFFIRMED.**