947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heldon JONES, Petitioner-Appellant,
v.
Daniel J. McCARTHY, et al., Respondent-Appellee.
 No. 88-6494.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1991.
Decided Oct. 31, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH, District Judge**
 
 
 2
 MEMORANDUM*
 
 
 3
 This is an appeal from the district court's denial of a petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253 and now affirm.
 
 
 4
 Following a 1987 jury trial in Riverside County (California) Superior Court, petitioner-appellant was found guilty of first degree murder and was sentenced to 26 years to life in prison.
 
 
 5
 Victim James Bailey was shot twice in the head on September 7, 1982, and died eleven days later. Three people were charged with the offense: petitioner-appellant Jones, McCulley and Barber.[1]
 
 
 6
 Two witnesses testified that they heard appellant threatening the victim regarding money and drug sales two months before the shooting.
 
 
 7
 About one hour before the shooting, a witness observed appellant take a gun from defendant McCulley, who had it in a paper bag. Shortly before the shooting, another witness was in Barber's apartment with Jones, McCulley, and Barber. He saw defendant McCulley place the gun in a paper bag.[2]
 
 
 8
 While in Barber's apartment, defendant McCulley said that he would shoot Bailey, who lived in the apartment directly above Barber's. Barber informed McCulley that the victim was home alone; McCulley went to Bailey's apartment with the gun; and petitioner announced in response to the "thud" from the victim's apartment, "[t]hat's it." Expert testimony connected bullets found in petitioner's home with the ones used in the shooting.
 
 
 9
 Appellant's and McCulley's trials were severed and were conducted simultaneously before separate juries. The charge against Barber was also severed; he was to be tried at a later time.
 
 
 10
 Appellant argues that the trial court erroneously allowed Barber to be an "active, albeit mute participant" in petitioner's trial. Appellant made appropriate objections at trial regarding each aspect of Barber's alleged participation. Appellant seeks either a writ of habeas corpus or a remand for evidentiary hearing on the question of "[t]he availability of alternate space to keep" Barber.
 
 
 11
 Barber sat in on appellant's trial in order to be of assistance in his own trial; not at the request of the prosecution.[3] According to appellant, Barber was subsequently allowed to plead guilty to second degree murder in exchange for his testimony against McCulley. While appellant's jurors saw Barber in the courtroom, only McCulley's jurors heard him testify.
 
 
 12
 Barber was in custody at the time of petitioner's trial. On the first day of trial, the jury saw Barber wearing handcuffs and jail clothes. The trial judge stated, "I thought I heard my secretary tell the jail to dress him out; turns out they didn't." "[U]nless there is a specific security reason why you [the bailiff?] don't want to do it, I would ask that he not be cuffed." There is no indication that Barber ever appeared before the jury in handcuffs again. He did, however, appear repeatedly in jail attire.
 
 
 13
 When Barber's wife testified at appellant's trial, Barber's attorney objected in an effort to invoke spousal privilege. In a conference held outside the presence of the jury, the trial court stated, "assuming there is standing to raise this, the Court would overrule the objection." Further, the trial court indicated that such objections would not be repeated. Id.
 
 
 14
 The petition at issue was filed in March 1988, after exhaustion of state remedies. United States Magistrate Judge King recommended dismissal, and petitioner filed his objections. The district court adopted the Magistrate Judge's recommendations and dismissed the petition on the merits, entering judgment on September 7, 1988. The district court denied petitioner's application for certificate of probable cause to appeal, but this Court later granted the application. Petitioner filed a timely notice of appeal.
 
 
 15
 We review de novo the district court's decision to dismiss the habeas petition on the merits. Mitchell v. Goldsmith, 878 F.2d 319, 321 (9th Cir.1989); Nevius v. Sumner, 852 F.2d 463, 466 (9th Cir.1988), cert. denied 490 U.S. 1059 (1989), both citing Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). The district court's findings of fact are reviewed under the "clearly erroneous" standard. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied 484 U.S. 870 (1987); Fed.R.Civ.Proc. 52(a).
 
 
 16
 Appellant seeks habeas corpus relief based on alleged due process violations arising from Barber's silent participation in Jones' trial. The question before the Court is one of fundamental fairness. See, e.g., Rose v. Clark, 478 U.S. 570, 577 (1986) (harmless error analysis applies to erroneous burden-shifting jury instructions; focus is on the underlying fairness of the trial, not on the " 'virtually inevitable presence of immaterial error' "). The issue is whether Barber's appearance before the jury in handcuffs on one day and in jail clothes on other days, and his single objection, were sufficiently prejudicial to render appellant's trial fundamentally unfair. We conclude that they were not.
 
 
 17
 It is undisputed that petitioner and his co-defendant were not handcuffed during their trial, but that Barber did appear before the jury in handcuffs on the first day of appellant's trial.
 
 
 18
 The law on the appropriateness of shackling a defendant is clear: "[S]hackling is justified only 'as a last resort' or 'in cases of extreme need,' " after a consideration of less restrictive alternatives. Hamilton, supra, at 1472. Shackling of defense witnesses has been subjected to the same analysis. Wilson v. McCarthy, 770 F.2d 1482 (9th Cir.1985) (no abuse of discretion to shackle witness after trial court conducted hearing).
 
 
 19
 The interest affected when a defendant appears before a jury in shackles is the presumption of innocence, while credibility is the interest affected by a defense witness' appearance in shackles. Wilson at 1485. In the instant case, Barber was neither a defendant on trial nor a defense witness; he testified for the prosecution in the co-defendant's trial and was silent in petitioner-appellant's trial. Under these circumstances, we conclude that any error was harmless. The same is true with respect to the clothing issue. Our holdings in this respect also dispose of Jones' "alternate space" argument concerning Barber's presence in the courtroom.
 
 
 20
 Appellant protests that the trial court allowed Barber's "counsel to play a vigorous and visible role in Petitioner's trial," thereby necessitating an evidentiary hearing. There is no dispute of the fact that the "vigorous" role consisted of one overruled objection. The record before us does not reflect which party's examination was interrupted by the objection.
 
 
 21
 Appellant fails to indicate in what way he was prejudiced by the objection. At trial, counsel for petitioner stated on this subject, "[W]hat effect it has, I don't know. It is not going to have a good effect on my case. There is only a down side. It may have no effect or it may have a bad effect." Appellant has not since identified any way in which one overruled objection had an unconstitutionally "bad effect" on the trial.
 
 
 22
 Appellant requests, as an alternative argument, that the case be remanded for evidentiary hearing. See Townsend v. Sain, 372 U.S. 293, 312 (1963) (listing circumstances in which an evidentiary hearing is mandatory[4]), 28 U.S.C. § 2254(d)(1)-(8). Apart from those situations listed, the state court's factual conclusions are presumed to be correct. 28 U.S.C. § 2254(d).
 
 
 23
 Pursuant to Nevius, supra, the relevant inquiry is whether appellant has alleged "facts which, if proven, would entitle him to relief," and if so, whether an evidentiary hearing is "necessary to establish the truth of the allegations." Id., 852 F.2d at 466.
 
 
 24
 In the absence of any disputed fact which would affect appellant's right to habeas relief, the matter need not be remanded for evidentiary hearing. As we have explained above, Jones has not alleged facts which if true would warrant relief. The decision of the district court is
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided in Circuit Rule 36-3
 
 
 **
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Jones and McCulley were tried simultaneously before separate juries. Barber observed petitioner's trial and testified for the prosecution at McCulley's trial. See infra, at 3
 
 
 [2]
 The record does not make clear whether this happened before or after the gun exchange mentioned above
 
 
 [3]
 It is not stated where Barber sat during the trial
 
 
 [4]
 A hearing is mandatory if "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." Townsend at 313