52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. MELLO, Petitioner-Appellant,
v.
Charles D. MARSHALL, Respondent-Appellee.
 No. 93-55940.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided April 7, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner William Mello appeals from the district court's denial of his petition for a writ of habeas corpus, arguing that accomplice Lawrence Modesto's brief presence at Mello's trial in prison clothing and shackles denied him a fair trial. In order to prevail on his claim, Mello had to prove that the appearance was either inherently prejudicial or actually prejudicial to his fair trial rights. See Holbrook v. Flynn, 475 U.S. 560, 572 (1986). The brief or inadvertent presence of a witness or defendant in jail clothing or shackles is not inherently prejudicial. United States v. Halliburton, 870 F.2d 557, 560-61 (9th Cir.), cert. denied, 492 U.S. 910 (1989); Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir.1985). Modesto's appearance was brief, thus decreasing the likelihood that it influenced the jury at all, and did not strongly suggest to the jury that Mello was guilty.
 
 
 3
 Mello's claim of actual prejudice is based on both the appearance of Modesto in jail clothing and shackles, and the effect Modesto's presence had on Mello during cross-examination. Modesto's brief appearance in jail clothing and shackles was more likely to help Mello than harm him, since it lent support to Mello's defense that Modesto was the real culprit. Mello's insistence that Modesto's presence prejudiced his trial by causing him to respond combatively during cross-examination is equally meritless. Mello had engaged in previous outbursts during the trial, and was not cross-examined until the day after Modesto's appearance, giving Mello adequate time to cool off.
 
 
 4
 In the absence of a showing of "substantial and injurious effect or influence in determining the jury's verdict[,]" Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)), the decision appealed from is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court adopted the magistrate judge's findings and conclusions, which were based on a thorough review of the record. As Mello makes no argument challenging the magistrate judge's conclusion that there were no material facts in dispute, we reject Mello's argument that he was entitled to an evidentiary hearing. See McQueary v. Blodgett, 924 F.2d 829, 832-33 (9th Cir.1991)