122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joni GOLDYN, aka Joan Carver, Plaintiff-Appellant,
v.
John MORAN, Gordon F. Yach, Joseph Evers, Defendants-Appellees.
 No. 95-16331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1997** San Francisco, California
Aug. 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada David Warner Hagen, District Judge, Presiding
 Before SCHROEDER and THOMAS, Circuit Judges, and Dean D. Pregerson,*** U.S. District Judge.
 MEMORANDUM*
 Nevada state prisoner, Joni Goldyn, aka Joan Carver, appeals pro se the district court's grant of summary judgment in favor of the defendants in her 42 U.S.C. § 1983 action. We review the district court's decision de novo, White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990), and affirm in part, reverse in part, and remand.
 Because the parties are familiar with the facts, we will not recount them here except as may be required in discussing a particular appellate issue.
 * We affirm the district court's grant of summary judgment concerning Goldyn's claim that she was unconstitutionally shackled. In her deposition, Goldyn admitted that she was never in chains in the presence of a jury. There is no any evidence in the record showing that the judge was prejudiced by seeing her in chains. Because Goldyn does not make an affirmative showing of prejudice, her constitutional claim fails. See Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir.1985); Spain v. Rushen, 883 F.2d 712, 722 (9th Cir.1989).
 II
 For the reasons articulated in the district court decision, we affirm the district court's grant of summary judgment on: (1) Goldyn' bail and extradition claims, (2) her claims that she was improperly denied access to a law library, (3) her contention that she was improperly denied access to a tape recorder and typewriter, (4) her complaints regarding "double celling" and overcrowding, and (5) all of her remaining complaints, including those concerning jail environmental conditions, except those specifically discussed in the remainder of this disposition.
 III
 Because there are genuine issues of material fact precluding summary judgment, we reverse the district court's grant of summary judgment regarding strip searches. A detainee may not be punished prior to an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Whether a search is reasonable requires a balancing of the need for a particular search against the invasion of personal rights that the search entails. Id. at 559.
 Goldyn contends that she was strip searched anytime she left and returned to the module, including visits to Alcoholics Anonymous meetings, religious services, court and the law library. For most of these excursions, Goldyn was shackled and accompanied by a prison official. Goldyn contends that the strip searches were done in an effort to discourage her from these activities.
 The record is devoid of evidence providing a justification for routine! visual strip searches. Defendants do not explain how Goldyn's possible conviction justified the frequent visual strip searches or how Goldyn's attendance to the AA meetings, religious services, court, and the law library offered her an opportunity to obtain contraband or weapons. "Prison officials must at least produce some evidence that their policies are based on legitimate penological justification. If it were otherwise, judicial review of prison policies would not be meaningful." Swift v. Lewis, 901 F.2d 730, 731 (9th Cir.1990).
 Accordingly, we find there are genuine issues of material fact and reverse the grant of summary judgment on strip searching.
 IV
 We also find there are genuine issues of material fact concerning two conditions of confinement issues: (1) whether she was improperly exposed to second had smoke and (2) whether sufficient hygienic precautions were taken concerning washing and disinfecting her underwear. In both cases, Goldyn alleged specific health-related reactions.
 Pretrial detainees must demonstrate deliberate indifference to state a claim under the Fourteenth Amendment. Redman v. County of San Diego, 942 F.2d 1435, 1141-43 (9th Cir.1991) (en banc). "If officials know or should know of the particular vulnerability, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." Id. (quotation an alteration omitted). To establish a due process violation for exposure to tobacco smoke in particular, an incarcerated person must also prove that she was exposed to an unreasonably high level of tobacco smoke. Helling v. McKinney, 509 U.S. 25, 35 (1993).
 Goldyn alleges she is asthmatic and has trouble breathing. She raises sufficient genuine issue of material fact as to whether she meets the "know or should know" requirement because (1) she asserts that she "asked to be housed in a non-smoking [sic] module on the first day that I was brought to the CCDC;" (2) made "numerous requests to be housed in a non-smoking wing;" (3) asserts that defendants "were well aware of the actual damage secondary smoke inflicted upon the plaintiff;" and (4) was allegedly taking asthma medication during her incarceration. Defendants do not claim in their notion for summary judgment that they were unaware of Goldyn's asthmatic condition.
 Goldyn also has asserted enough facts to establish the possibility that she was exposed to an unreasonably high level of tobacco smoke. Goldyn claims that (1) she was housed with chain smokers for months although there were single cells available; (2) after she was given a single cell, she was forced to spend a large portion of her day in the dayroom, which was a closed room and contained heavy smoke; (3) there were "literally no are[as] free from smoke at any time during her stay at the county jail, including the law library;" (4) all meals were served in a smoke-filled environment;" (5) most of the inmates in module smoked habitually and heavily for the entire time she was there; and (6) doors to the cells were not flush with the floor and permitted invasion of smoke into the sleeping areas. Finally, Goldyn asserts that she suffered current harm from the smoke because she contracted cancer. Whether any of these allegations are true or not remains to be seen, but Goldyn has sufficiently alleged genuine issues of material fact to overcome a summary judgment challenge on this issue.
 Goldyn also alleges that she was forced to wear "stained, used underwear which was not always properly disinfected or cleaned." Goldyn alleges that as a result of this lack of hygiene, she has contracted a vaginal virus. Defendants argue that the underwear cleaning practices at the prison conform to industry standards and that the Department of Health inspections have revealed no problems. However, this contention merely creates a disputed issue of fact. Thus, summary judgment was inappropriate. See Helling v. McKinney, 509 U.S. 25, 33 (1993).
 V
 We also find there are genuine issues of material fact precluding summary judgment on Goldyn's claims regarding destruction of and delay in sending her mail. She alleges that the defendants refused to permit Goldyn's counsel to pick the motions up at the jail. She further alleges that the defendants delayed posting her mail, resulting in her pretrial motions being dismissed for lack of timeliness. She claims many motions were mysteriously lost' and never received by the courts.
 The docket reflects that at least some of Goldyn's motions were dismissed as untimely. On September 27, 1990, the trial court denied a suppression motion as untimely. On October 1, 1990, the trial court denied another suppression motion as untimely. Whether these can be causally related to Goldyn's mail delay claims is uncertain. However, she has raised a sufficient genuine issue of material fact to survive a summary judgment motion on this issue.
 Conclusion
 Except as to the issues specifically identified, the district court appropriately granted summary judgment on Goldyn's numerous claims. However, genuine issues of material fact exist precluding summary judgment at this stage regarding Goldyn's claims of improper strip searching, unreasonable exposure to second hand smoke, unhygienic washing and delay in mail delivery. Each party shall bear their own costs on appeal.
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Honorable Dean D. Pregerson, U.S. District Court for Central California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3