141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jon Gregory DAVIS, Petitioner-Appellant,
v.
Steven CAMBRA, Warden Respondent-Appellee.
 No. 97-15168.
D.C. No. CV-95-00625-LKK.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Lawrence K. Karlton, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jon Gregory Davis, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for theft. We review de novo a district court's denial of a habeas corpus petition. See James v. Borg, 24 F.3d 20, 24 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Prior to Davis's trial, the jury briefly viewed Davis while he was shirtless and in custody. Later, during Davis's trial, the court informed the jury that Davis had a criminal record. Davis contends that these errors require automatic reversal. We disagree.
 
 
 4
 Automatic reversal is warranted for "structural defects in the constitution of the trial mechanism," while trial errors, which occur "during the presentation of the case to the jury" are subject to harmless error analysis. See Brecht v. Abrahamson, 507 U.S. 619, 629, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotations omitted). Davis concedes that he complains of trial, rather than structural errors, but contends automatic reversal is warranted nonetheless because the errors fall in a hybrid category of "deliberate and especially egregious error of the trial type" that, because it has destroyed the integrity of the trial, defies harmless error analysis. Hardnett v. Marshall, 25 F.3d 875, 879 (9th Cir.1994) (quoting Brecht, 507 U.S. at 638 n. 9).
 
 
 5
 In the instant case, nothing in the record suggests that the errors complained of by Davis were deliberate, and the errors were not egregious. See id. The errors did not destroy the integrity of Davis's trial and render it unfair. See id. Accordingly, we review the trial errors to determine whether they had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637 (internal quotations omitted).
 
 
 6
 Davis contends that the trial errors had a substantial and injurious effect on the jury's verdict because there was a close issue at trial regarding Davis's defense that voluntary intoxication prevented him from forming the specific intent required for a petty theft conviction in California. Thus, Davis argues, the bias engendered by the jury viewing him in custody and learning of his prior offense may have influenced the jury's verdict. We disagree.
 
 
 7
 The prejudice, if any, to Davis resulting from the trial errors was slight. The trial court's references to Davis's prior conviction were both brief and generic, and Davis's counsel had specifically agreed to allow the references in that form. Cf. Butcher v. Marquez, 758 F.2d 373, 377 (9th Cir.1985) (reasoning that any error by trial court in failing to give jury instruction was not grounds for reversal because defense counsel invited error). It also appears from the record that the jury's sighting of Davis in custody was brief, and there is no indication that it happened intentionally. Cf. Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir.1985) (stating that heightened showing of prejudice is required where jury views defendant in shackles only briefly or inadvertently).
 
 
 8
 Moreover, there was overwhelming evidence before the jury of Davis's guilt, including his specific intent to steal. While Davis had consumed alcohol and some other unidentified intoxicant prior to his arrest, the evidence of his behavior during his crime and his words and actions after he was apprehended clearly showed that Davis had formed the specific intent to steal. Accordingly, the trial errors in this case "did not substantially influence the jury's verdict." See Brecht, 507 U.S. at 639 (internal quotations omitted).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3