UNITED STATES of America,
Plaintiff—Appellee,

v.

Reginald HILEY, Defendant—
Appellant.

No. 05–10104.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Aug. 14, 2006.

Filed Sept. 7, 2006.

Kirstin M. Ault, Esq., USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff—Appellee.

Suzanne A. Luban, Esq., Law Offices of Suzanne A. Luban, Oakland, CA, for Defendant—Appellant.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Reginald Hiley ("Hiley") appeals his jury convictions and sentence for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). He argues that (1) the district court erred in denying his motion to suppress evidence obtained as result of his warrantless arrest; (2) the district court erred in denying his motion for a mistrial based on the courtroom deputy marshal's actions of jangling his keys and motioning toward the door to the lockup during voir dire; (3) the district court erred in denying a reduction for acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines; (4) the district court erred in failing to give specific unanimity jury instructions with regard to which particular gun was

the subject of the charges; and (5) insufficient evidence supports his convictions based on an aiding and abetting theory of liability for armed bank robbery and use of a firearm during a crime of violence. We have jurisdiction under 28 U.S.C. § 1291 and affirm all of Hiley's convictions and sentence.

### 1. Motion to Suppress

■ The district court did not err in denying Hiley's motion to suppress evidence obtained as a result of his warrantless arrest. Sufficient probable cause, combined with the lessee's voluntary consent to search the apartment, render Hiley's arrest proper under the Fourth Amendment to the United States Constitution. *See Steagald v. United States,* 451 U.S. 204, 216, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *Payton v. New York,* 445 U.S. 573, 576, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

The government has shown that the officers had sufficient probable cause to arrest Hiley as a suspect in the armed bank robbery. *See United States v. Fixen,* 780 F.2d 1434, 1436 (9th Cir.1986) ("Probable cause for a warrantless arrest exists if 'under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime.'" (quoting *United States v. Gonzales,* 749 F.2d 1329, 1337 (9th Cir.1984))); *see also United States v. Robertson,* 606 F.2d 853, 858 (9th Cir.1979) (holding that probable cause to search a dwelling for a suspect requires "a reasonable belief evaluated in light of the officer's experience and the practical considerations of everyday life, that the suspects have committed a crime and are to be found in the place to be searched").

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Several pieces of evidence indicated that there was a fair probability that the bank robbers were in the immediate vicinity of the 9329 Bancroft Avenue apartment building (e.g., the bait bill, the keys to the white Cavalier getaway car, and the blue Tahoe SUV switch car which contained evidence of the bank robbery in plain view). The officers had reason to believe that Phillip Grimes ("Grimes"), the man they detained while locating the bait bill, was involved in the bank robbery (e.g., they found him nervous, jogging, and underdressed near the bait bill, and he lied about his address). The officers knew that four men were involved in the bank robbery and Grimes had lied about his address. The officers had seen two men through a window in Grimes's apartment. It was reasonable for the officers to believe that the men there were able to see them as well and had chosen not to vacate the apartment despite the building being visibly surrounded, and despite the fact that all of the other apartment residents in the building had vacated their apartments as requested by the officers.

Thus, the officers had objective facts, not just a "hunch," that there was a fair probability that the men in Grimes's apartment were the bank robbers. In addition, the voluntary consent of Sherita Grimes, Phillip Grimes's sister who was the lessee of the apartment, to search the apartment, coupled with the probable cause noted above, excused the lack of a warrant for Hiley's "in-house" arrest. *See Steagald,* 451 U.S. at 216, 101 S.Ct. 1642; *Payton,* 445 U.S. at 576, 100 S.Ct. 1371.

## 2. Deputy Marshal's Actions

■ The district court did not abuse its discretion in denying Hiley's motion for a mistrial based on the courtroom deputy marshal's actions of jangling his keys and motioning toward the door to the lockup during voir dire. The deputy's actions were not "inherently prejudicial" because they were not the functional equivalent of shackling and because they were brief and inadvertent. *See Holbrook v. Flynn,* 475 U.S. 560, 571, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986); *Wilson v. McCarthy,* 770 F.2d 1482, 1485–86 (9th Cir.1985). In addition, Hiley failed to demonstrate any actual prejudice from the deputy's actions. *See Holbrook,* 475 U.S. at 572, 106 S.Ct. 1340.

## 3. Acceptance of Responsibility Reduction

■ The district court did not err in denying Hiley a reduction for acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines. The district court denied Hiley the section 3E1.1(a) reduction on the basis of its consideration of the factors provided in the first comment to section 3E1.1, not because Hiley went to trial rather that pleading guilty. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n. 1. The district court's factual findings regarding those factors are not clearly erroneous, including its finding that Hiley had not truthfully admitted all conduct comprising the offenses of conviction because he denied responsibility for the use of a gun during the bank robbery. *See United States v. Cortes,* 299 F.3d 1030, 1037 (9th Cir.2002). Because Hiley does not qualify for a reduction under section 3E1.1(a), he also does not qualify for a reduction under section 3E1.1(b). *See* U.S. Sentencing Guidelines Manual § 3E1.1(b).

## 4. Specific Unanimity Jury Instructions

■ The district court did not err in failing to give specific unanimity jury instructions with regard to which particular gun was the subject of the charges. There was no genuine possibility of jury confu-

sion or that Hiley's convictions occurred as the result of different jurors concluding that the defendants committed different acts due to the fact that multiple guns were involved in the robbery. *See United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir.1983). It does not make a difference which particular gun was the subject of the charges because it was not necessary for the jurors to unanimously agree on the means by which Hiley committed the elements of the offenses. *See Schad v. Arizona*, 501 U.S. 624, 631–32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991).

### 5. Sufficiency of Evidence to Convict as an Aider and Abettor

Sufficient evidence supports Hiley's convictions as an aider and abettor of armed bank robbery and use of a firearm during a crime of violence. Viewing the evidence in the light most favorable to the government, a rational jury could have found that Hiley aided and abetted an accomplice's use of a gun during the armed bank robbery. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Hiley confessed that he was one of the three masked men in the bank robbery, that he participated in planning the robbery, and that he touched the gun before the robbery. Witnesses testified that at least one of the robbers, and possibly all of them, entered the bank with guns drawn. There was evidence that it was a two-minute, takeover-style bank robbery, with one robber using a gun to control the bank employees and customers while the other two took the money. A teller testified that one of these two did not have a gun. That robber ordered her to open the bottom of the cash can. Hiley claims he was that person and that he did not use a gun during the robbery. That robber, however, according to the testifying teller, or-dered her to make cash available for the taking, and that order was given to her while the robber's accomplice held a gun on other persons in the bank to keep them at bay.

Based on this evidence of Hiley's participation in the planning and execution of the armed bank robbery, a rational jury could have found that he knew that an accomplice had and intended to use a gun during the bank robbery, and that Hiley intended to and did in fact aid in that armed robbery. *See United States v. Coleman*, 208 F.3d 786, 793 (9th Cir.2000). The evidence was sufficient to convict Hiley of armed bank robbery.

A rational jury also could have found that Hiley encouraged or facilitated an accomplice's use of a gun during the bank robbery. *See United States v. Nelson*, 137 F.3d 1094, 1103–04 (9th Cir.1998). The evidence, therefore, was sufficient for his conviction of use of a firearm during a crime of violence.

**AFFIRMED.**