UNITED STATES of America, Plaintiff—Appellee,

v.

Marcus GARCIA, Defendant— Appellant.

No. 06–10748.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 16, 2007.

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jennie L. Basile, AUS, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM *

Viewed in a light most favorable to the prosecution, the evidence in this case was clearly sufficient to permit a rational trier of fact to reject Garcia's self-defense theory and find Garcia guilty of assault with a dangerous weapon under 18 U.S.C. § 113(a)(3). *United States v. Delgado,* 357 F.3d 1061, 1068 (9th Cir.2004); *see also United States v. Goode,* 814 F.2d 1353, 1355 (9th Cir.1987).

■ The district court properly denied Garcia's motion for a mistrial, because Garcia failed to demonstrate that Kobel's passing reference to the fact of Garcia's incarceration in this context was prejudicial. *See Wilson v. McCarthy,* 770 F.2d 1482, 1484 (9th Cir.1985); *see also United States v. Guerrero,* 756 F.2d 1342, 1347 (9th Cir.1984).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court also properly refused to admit cumulative photographic evidence of Garcia's post-surgical scars and properly refused to allow Garcia to lift his shirt to exhibit the same. Garcia's argument that this exclusion "reaches constitutional proportions" is meritless. The scars and photographs were "merely cumulative," and were tangential at best to Garcia's claim of self defense inasmuch as there was no dispute that Garcia suffered gunshot wounds in his exchange of fire with Officer Marquez. *Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990). Moreover, the district court's ruling was a proper application of Rule 403. Fed.R.Evid. 403; *see, e.g., United States v. Benavidez–Benavidez,* 217 F.3d 720, 723, 725 (9th Cir.2000).

■ The district court erred in interpreting U.S.S.G. § 3A1.2(c)(1) as applying whenever the victim is a law enforcement officer, and also erred by failing to make a finding that Garcia knew or had reason to know that Officer Marquez was a law enforcement officer. *United States v. Mills,* 1 F.3d 414, 423 (6th Cir.1993). However, because the evidence was overwhelming that Garcia knew that Officer Marquez was a law enforcement officer when Garcia shot at Marquez and his police cruiser, we hold that the district court's error in interpreting U.S.S.G. § 3A1.2(c)(1) was harmless in this case. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir. 2006); *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1099–1100 (9th Cir.2005).

Garcia's arguments that the district court failed to consider his mental health and failed to appreciate that the Sentencing Guidelines are advisory are meritless and belied by the record.

**AFFIRMED.**