**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50159 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01830-LAB-1 |
| v. | |
| NESTOR DAVID VASQUEZ, | **MEMORANDUM**<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and GLEASON,<sup>**</sup> District
Judge.

Nestor Vasquez appeals his conviction for illegal entry after deportation in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291.  We

affirm.

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Vasquez argues that the district court's security measures — placing a Deputy U.S. Marshal within ten feet of him while he testified and having the marshal escort him back from the witness stand following his testimony — violated his due process rights. We review the district court's courtroom security decisions for abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003) (citing *Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir. 1985)). To determine whether courtroom security measures violate a defendant's right to a fair trial, reviewing courts must "look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *Holbrook v. Flynn*, 475 U.S. 560, 572 (1986). Even if the challenged security measure is not inherently prejudicial, we must "consider[] whether the measures actually prejudiced members of the jury." *Hayes v. Ayers*, 632 F.3d 500, 522 (9th Cir. 2011) (citing *Holbrook*, 475 U.S. at 572). Neither security measure employed here was inherently prejudicial, and there was no evidence showing actual prejudice.[1]

Vasquez also argues that the prosecutor at his trial improperly commented on his post-arrest and pre- and post-*Miranda* silence. "We review de novo whether references to a defendant's silence violate the Fifth Amendment privilege against

---

[1] Although we affirm the district court's order here, we do not foreclose the possibility that similar courtroom security measures may well be prejudicial under other circumstances.

self-incrimination." *United States v. Bushyhead*, 270 F.3d 905, 911 (9th Cir. 2001). Prosecutors may not "impeach a defendant's exculpatory story, told . . . at trial, by cross-examining the defendant about his failure to have told the story after receiving *Miranda* warnings at the time of his arrest." *Doyle v. Ohio*, 426 U.S. 610, 611 (1976). But where a defendant makes a post-arrest statement "that 'may arguably be inconsistent with the trial story,' he has raised a question of credibility" and the government "may probe all post-arrest statements and the surrounding circumstances under which they were made, including defendant's failure to provide critical details.'" *United States v. Makhlouta*, 790 F.2d 1400, 1404 (9th Cir. 1986) (quoting *United States v. Ochoa-Sanchez*, 676 F.2d 1283, 1286 (9th Cir.), cert. denied, 459 U.S. 911 (1982)). Prosecutors are also permitted to use pre-arrest silence to impeach a criminal defendant's credibility without violating the defendant's self-incrimination or due process rights. *Jenkins v. Anderson*, 447 U.S. 231, 239-40 (1980).

The prosecutor did not impermissibly comment on Vasquez's silence at trial. As permitted by *Jenkins*, the prosecutor used Vasquez's pre-arrest, pre-*Miranda* silence to impeach Vasquez's credibility at trial. And the prosecutor's comments on Vasquez's post-*Miranda* statement, pointing out its omission of details, permissibly highlighted inconsistencies between Vasquez's story at trial and his comments to officers following his arrest and waiver of his *Miranda* rights.

**AFFIRMED.**